UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00203-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BYRON LEE TATE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se "Motion for Application of the Johnson Law," (#39) and a separate request for appointment of counsel (#39-3). The Court has assumed that defendant is making reference to Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015).

From the outset, a "Motion for Application of the Johnson Law" fails to provide defendant with a viable vehicle for attacking his sentence. If defendant believes that the alleged errors of his trial counsel in failing to raise Johnson in either her objections to the PSR or at sentencing amounted to ineffective assistance of counsel, he would need to raise it in a Section 2255 Motion to Vacate, Set Aside, or Correct the Sentence, and such a motion must be filed within one year of when the Judgment became final.

The motion now before the Court does not amount to such a motion and could not be construed to amount to a Section 2255 petition, which must follow the form attached to the Rules Governing Section 2255 Proceedings or follow a form prescribed by a local district-court rule. Rule 2(c), Fed.R.Gov. § 2255 P. Indeed, the typed motion appears to be the same prison created motion filed by prisoners immediately after the Johnson decision for Judgments that were entered

1

*before* Johnson became law. It has no application to post-Johnson sentencings as courts were well aware of the 2015 ruling. Thus, the pleading now before the Court is not sufficient to warrant a Castro notice inasmuch as it does not conform in any manner to the available forms and could not form the basis of any collateral relief from this Court.

The Court has, however, read defendant's motions carefully and has also noted the series of motions he has filed since he dismissed his direct appeal. Defendant is under the misapprehension that the decision in Johnson has some application to his case. When the Court compares the type written Johnson motion with defendant's handwritten request for counsel, it is readily apparent that someone in the prison prepared the Johnson motion for defendant. Because defendant appears to have been misguided by a jailhouse lawyer, the Court believes that it is only fair to briefly address the contention in defendant's motion before defendant decides whether or not to use his one and only opportunity under Section 2255 to pursue a Johnson claim in a case where Johnson has no application. To simply provide Castro notice would be to invite defendant to waste both his Section 2255 opportunity and this Court's resources.

In Johnson, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness, making such provision unconstitutional. The end of subsection (ii) of that provision — "or otherwise involves conduct that presents a serious potential risk of physical injury to another"— is known as the residual clause. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1261 (2016). That prohibited definition of "violent felony" was used in conjunction with seeking the 15 year mandatory minimum enhancement under Section 924(e)(1). That enhanced penalty, however, is only invoked for §922(g) offenses where a defendant "has three previous convictions by any court … for a violent felony or a serious drug offense …." 18 U.S.C. 924(e)(1). Had this Court applied

that enhancement here, defendant would be facing a mandatory minimum term of imprisonment of 180 months, not the 59 months he actually received. Thus, no statutory enhancement was applied, much less one under the ACCA.

Language similar to that residual clause language is also used in a number of provisions of the United States Sentencing Guidelines. However, review of the Presentence Report reveals that no Guidelines provision containing similarly worded language was used in determining defendant's criminal history score. Defendant's total criminal history score of 7 can be broken down as follows: 3 points under U.S.S.G §§ 4A1.1(a) and 4A1.2(k) (for an indecent liberties conviction and for revocation of probation for absconding while on probation); 3 points under 4A1.1(a) (for a conviction for a drug conspiracy conviction in this court); and 1 point under 4A1.1(c) (for a speeding conviction/ possession of a controlled substance offense). None of the Guidelines provisions used in calculating defendant's criminal history score uses language similar to the non-unconstitutional residual clause. Instead, § 4A1.1(a) assigns 3 points for prior sentences "exceeding one year and one month," §4A1.1(c) provides for adding a point for any sentence not previously counted, and § 4A1.2(k) instructs that a prior revocation sentence be added back to the related prior offense sentence to determine whether it exceeded one year and one month under §4A1.1(a). Those are the only provisions employed in calculating defendant's criminal history and none of those come anywhere near the language the Supreme Court found unconstitutional in Johnson.

Thus, it patently appears that the 2015 decision in Johnson has absolutely no impact on the bottom of the Guidelines sentence of 57 months this Court imposed in 2017. Defendant is, however, free to file a proper Section 2255 and have this Court address his concern formally as this denial is without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se "Motion for Application of the Johnson Law," (#39) and a separate request for appointment of counsel (#39-3), are **DENIED** without prejudice as to filing a Section 2255 Motion to Vacate, Correct, or Set Aside the Sentence if defendant so desires.

Signed: January 26, 2018

Max O. Cogburn Jr.
United States District Judge