# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16-CR-203-MOC-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BYRON LEE TATE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act. (Doc. No. 48). Defendant, an inmate at FCI Butner Low in Butner, North Carolina, seeks a reduction of his sentence based on the COVID-19 pandemic. In support, he maintains that he suffers from necrosis sepsis, and that he needs surgery for this condition. Id. Also pending is Defendant's Motion to Appoint Counsel to assist him with bringing a motion under the First Step Act. (Doc. No. 47). The Government filed a response in opposition on May 6, 2020.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant has failed to provide the Bureau with thirty days to evaluate his compassionate release request before filing his motion in this Court. Because Defendant has not exhausted available administrative remedies, the Court declines to modify Defendant's term of imprisonment at this time.

Additionally, despite his assertions, Defendant has not submitted any evidence to the Court

showing that he has an increased health risk from COVID-19. Although he claims that his immune system is compromised because of his intestinal issues, the Government counters that his medical records do not support this assertion.[1] As the Third Circuit has recognized, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." Raia, 2020 WL 1647922, at *2. Thus, the Court declines to modify Defendant's sentence at this time.

Finally, Defendant has also filed a motion to appoint counsel to assist him with filing a motion for release under the First Step Act. The Court denies the motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Appoint Counsel Pursuant to First Step Act, (Doc. No. 47), and his Motion to Reduce Sentence Pursuant to First Step Act, (Doc. No. 48), are both **DENIED**.

Signed: May 8, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] The Government notes, additionally, that because Defendant is scored by BOP as a Low Risk Recidivism Level, he is currently not eligible for transfer to home confinement under the Attorney General's authority and the CARES act. (Doc. No. 51 at 1).